IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| JAMES KELLEHER and YOAV YAAKOBY, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> EAGLERIDER, INC., a California corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) No. 09 CV 5772 ) ) Hon. Nan R. Nolan, Magistrate Judge ) ) ) ) |

### ORDER GRANTING FINAL APPROVAL OF
### CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

On May 10, 2011, the Court entered its Order Granting Preliminary Approval of Class Action Settlement and Directing Notice to the Settlement Class. After notice was sent to the Settlement Class, this Court held a Final Approval Hearing on September 1, 2011, for the purpose of determining (1) whether the proposed settlement, on the terms set forth in the Parties' Settlement Agreement, is fair, reasonable, and adequate, and should be finally approved by this Court; (2) whether, pursuant to the terms of the proposed settlement, a judgment should be entered dismissing defendant EagleRider, Inc. ("Defendant") and releasing Defendant and the other Releasees from all Released Claims; and (3) whether to award attorneys' fees and expenses to Class Counsel and the agreed payment for compensation of time to Yoav Yaakoby, the Named Plaintiff.

The Court has reviewed the Settlement Agreement and all papers submitted in connection with the proposed settlement, has considered all arguments of counsel, and has noted that there were no objections made by any person or governmental entity by the deadline set in the Preliminary Approval Order. The Court finds that the Parties have evidenced full compliance with the Preliminary Approval Order, and that there are substantial and sufficient grounds for

entering this Order Granting Final Approval of Settlement and Final Judgment ("Final Order and Judgment"). The Court therefore directs the Parties and their counsel to implement and consummate the Settlement Agreement and directs the administration of the settlement in accordance with the terms and provisions of the Settlement Agreement.

**IT IS THEREFORE ORDERED** as follows:

1. The Court has federal subject matter jurisdiction of this Action and jurisdiction to approve the settlement.

2. The Court has personal jurisdiction over the Named Plaintiff and all members of the Settlement Class.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court finds that (a) members of the Settlement Class are so numerous as to make joinder of all members impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Named Plaintiff are typical of the claims of the Settlement Class; (d) the Named Plaintiff and Class Counsel fairly and adequately protected and will continue to protect the interests of the members of the Settlement Class; (e) questions of law or fact common to the members of the Settlement Class predominate over any questions affecting only individual members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4. The Court therefore finds that the requirements for certifying a settlement class have been met and are appropriate under the circumstances of this case pursuant to Federal Rule of Civil Procedure 23(b)(3). The Court certifies for settlement purposes only the following Settlement Class, with the Named Plaintiff representing the Settlement Class as follows:

> A class of persons who received, at any EagleRider® location, a paper receipt of any kind for their rental of a motorcycle from EagleRider or any of its affiliates or franchisees, between December 4, 2006 and September 17, 2009.

5. The Court gives final approval to the settlement as fair, reasonable, and adequate to the Named Plaintiff and to each member of the Settlement Class, and in their best interests, and in full compliance with all requirements of due process and federal law. The settlement is finally approved in all respects.

6. Neither the certification of the Settlement Class, nor the settlement of this Action, shall be deemed to be a concession by Defendant of the propriety of the certification of a litigation class, in this Action or any other action, and Defendant shall retain all rights to assert that class certification for purposes other than settlement is not appropriate. Furthermore, the Settlement Agreement shall not be deemed to be an admission of liability or of unlawful conduct by or on the part of Defendant or its future, current, or former officers, agents, affiliates, franchisees or employees, and shall not serve as evidence of any wrongdoing by or on the part of Defendant or its future, current, or former officers, agents, affiliates, franchisees or employees. However, reference may be made to the settlement and the Settlement Agreement as may be necessary to effectuate the provisions of the Settlement Agreement.

7. The Court finds that the Website Notice, Publication Notice, Government Notice and notice plan implemented pursuant to this Agreement (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object or exclude themselves from the proposed settlement and to appear at the Final Approval Hearing, and their right to seek monetary relief; (iii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of due process and federal law.

8. The Court finds that Class Counsel and the Named Plaintiff adequately represented the Settlement Class for the purpose of entering into and implementing the Settlement Agreement. The Court further finds that Dahl, Inc., the Court-appointed Settlement

Administrator, has met all requirements of the Court as set forth in the Preliminary Approval Order and Settlement Agreement.

9. The Court has considered that there were no objections made to the Settlement Agreement, despite the provision in the Preliminary Approval Order for submitting any such objections in advance of the Final Approval Hearing.

10. The Court hereby dismisses the Action (including all individual and class claims against Defendant) with prejudice and without fees or costs except as expressly provided in the Settlement Agreement; except that, by consent of the Parties, the Court shall retain jurisdiction solely for the purpose of enforcing the terms of the Settlement Agreement for 6 months after the date of this Order. Except as set forth expressly in this Paragraph, the case is dismissed with prejudice upon entry of this Final Order and Judgment.

11. The Court finds that the Named Plaintiff and each member of the Settlement Class have conclusively compromised, settled, discharged, dismissed, and released all Released Claims against Defendant and the other Releasees, as follows:

> The Named Plaintiff and each member of the Settlement Class hereby release and discharge EagleRider, its affiliate J.C. Bromac, and all of their respective present and former officers, directors, employees, shareholders, franchisees, attorneys and agents, affiliates, subsidiaries, direct or indirect parents, successors and assigns (collectively, the "Releasees") of and from all Released Claims. "Released Claims" means any and all claims arising out of any aspect of a paper receipt of any kind provided to any Settlement Class Member, at any EagleRider® location, for their rental of a motorcycle from EagleRider or any affiliate or franchisee, between December 4, 2006 and September 17, 2009, including but not limited to any claim arising under FACTA. The Named Plaintiff and other Settlement Class Members who have not been excluded from the Settlement Class shall not now or hereafter initiate, maintain, or assert against the Releasees any causes of action, claims, rights or demands arising out or related in any way to the Released Claims, whether based on federal, state, or local law, statute, ordinance, regulation, tort, contract, common law, or any other sources. Without in any way limiting the scope of the Release, this Release covers any and all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or any other counsel representing the Named Plaintiff or any member of the Settlement Class, in connection with or related in any manner to the Lawsuit, the settlement of the Lawsuit, the administration of such settlement and/or the Released Claims, except

to the extent otherwise specified in the Agreement. Nothing in this Release shall preclude any action to enforce the terms of this Settlement Agreement.

12. Accordingly, upon the Effective Date, the Named Plaintiff and all members of the Settlement Class who have not been excluded from the Settlement Class, whether or not they return a Claim Form within the time and in the manner provided for, are barred from asserting any Released Claims against Defendant and the other Releasees, and any such members of the Settlement Class are deemed to have released any and all Released Claims against Defendant and the other Releasees. The settlement and this Final Order and Judgment are binding on, and shall have *res judicata* and preclusive effect in, any pending and future lawsuits or other proceedings that include any of the Released Claims maintained by or on behalf of the Named Plaintiff or any other member of the Settlement Class.

13. The Court approves the payment of attorneys' fees, costs, and expenses to Class Counsel (the "Attorneys' Fee Award") in the amount of $135,000. The Attorneys' Fee Award shall be distributed to Class Counsel in accordance with the terms of the Settlement Agreement.

14. The Court approves the payment to the Named Plaintiff as compensation for his time in the amount of $2,000, distributed in accordance with the Settlement Agreement.

15. The Court approves reimbursement of Class Counsel, by Defendant, for Administration Fees advanced to Dahl, Inc., in the amount of $4,839.75, and approves disbursement of further Administration Fees to Dahl, Inc. upon conclusion of the Administrator's duties, in the amount and manner as agreed by the parties in accordance with the terms of the Settlement Agreement.

16. The Court hereby bars and enjoins all members of the Settlement Class who have not been excluded from the Settlement Class from (i) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating

to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims and (ii) organizing members of the Settlement Class who have not been excluded from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the Action and/or the Released Claims.

17. The Court finds that there have been no Opt-Outs from the Settlement Class.

18. In the event this settlement does not become effective in accordance with the terms of the Settlement Agreement, then the Settlement Agreement, this Final Order and Judgment, and all orders entered into regarding this settlement shall be null and void and vacated, in accordance with the Settlement Agreement.

19. The Court hereby authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modification, and expansions of the Settlement Agreement as (a) are consistent in all material respects with this Final Order and Judgment and (b) do not limit the rights of the Settlement Class members under the terms of the Settlement Agreement.

Dated: September 1, 2011

*Nan R. Nolan*